JUAN E. PÉREZ, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1071.  Submitted June 15, 1940.—Decided July 18, 1940.

*Luis Ríos Algarín* for appellant.  The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

Salvador Lecároz Inciburu owns a farm in Lares which is duly recorded in the Registry of Property of Aguadilla. It appears there that he is a widower.  The property was sold for taxes and Juan E. Pérez, the petitioner, acquired it.  He presented the tax sale certificate for record and it was denied as follows:

"The record of this document is denied because while from the Registry the farm appears recorded in the name of Mr. Salvador Lecároz Inciburu, a widower, the proceeding is taken against Mr. Salvador Lecároz, and his personal description is not expressed, for which reason identification is not satisfactory.  Instead, a cautionary notice of 120 days is taken in favor of the purchaser Mr. Juan E. Pérez."

Pérez appeals and points that the certificate contains all the necessary data, according to section 347 of the Political Code.  It may be assumed that the form of the certificate is correct.

He also points out that there is enough identification because the property was attached as belonging to Salvador Lecároz.

However, the fact that an attachment had been recorded prior to the tax sale does not prevent the registrar from refusing to record a defective certificate of sale. *Dieppa* v. *Registrar,* 33 P.R.R. 842.

█ The appellant cites Morell to show that just the first name and surname of a party need be copied in the deed. The registrar says Morell wrote a comment to the Mortgage Law of 1880, and should not be used to interpret a statute of 1902; and that in case of a deed the registrar relies on the knowledge of the parties by the notary.

█ The petitioner also says that if the name is not complete, that would be a curable defect, and therefore the record should be made subject to that defect, but not absolutely denied. The registrar replies that his denial is not because the name is insufficient, but because there is no assurance that the real owner was cited and that Salvador Lecároz, of unknown address, is the same Salvador Lecároz Inciburu, a widower, and whose residence, according to the law, appears from the entry. There is nothing in the record to establish the residence of Lecároz and the statement in the registrar's brief that Lecároz Inciburu is a resident of Lares, P. R., must be disregarded. But as there is nothing in the record to the contrary, it may be presumed that the entry where Lecároz Inciburu's right was recorded is complete and therefore his address appears from it, as required by the Mortgage Law.

In any case, the registrar denied the record, not because the name was insufficient, but because he had a doubt as to whether Lecároz and Lecároz Inciburu are one and the same person.

In the case of *Díaz* v. *Registrar,* 16 P.R.R. 261, this court said:

"We are of the opinion that the Registrar should deny the record not only when he is fully certain that the right sought to be recorded has already been recorded in the name of a person other than the one who makes the transfer, but also when he has a reasonable and

well-founded doubt thereon. (See article 20 of the Mortgage Law, the case of *Morales* v. *The Registrar of San Juan* (15 P.R.R. 680), decided November 19, 1909, and the cases therein cited.)

"It would be necessary to show that the doubt of the registrar was groundless in order to permit us to reverse his decision and order the record sought..."

And in *Chardón* v. *Registrar,* 28 P.R.R. 932, this court said (quoting from the syllabus):

"In order to record in the registry of property the title of a purchaser of a property sold by an internal revenue collector for the payment of taxes, it is an indispensable requisite that the certificate of sale should express clearly the name of the real owner of the property seized and sold. To sanction the transfer of titles upon vague and conjectural statements would constitute a serious menace to the rights of all landowners."

And the opinion concluded with the following words:

"We are aware of no law that authorizes the sale of the property of one citizen for the delinquent taxes of another and something beyond this should be made clearly to appear upon the face of the certificate of purchase and not be left to mere inference or as a conclusion to be arrived at by liberal construction of a doubtful, not to say meaningless, reference to some supposed or surmised relationship between the record owner of the property sold and the delinquent taxpayer in whose name it figured on the books, records, memoranda, or other unspecified data of the Treasury Department."

A very similar case is *Dieppa* v. *Registrar,* 33 P.R.R. 842. That case was an administrative appeal from a note of the Registrar of Property of Aguadilla, which in part says:

"Record of the foregoing document, which is certificate of sale No. 713–1338 issued by M. de Jesús, Collector of Internal Revenue of San Sebastián, on July 22, 1918, in favor of José Dieppa y Pérez, is denied upon examination of other documents, and instead a cautionary notice is entered in favor of José Dieppa y Pérez at page 157 over of volume 33 of San Sebastián, property number 1856, entry letter A, for the reasons that the property of 12½ acres, with a house erected thereon, to which the said document refers, appears to consist of 13 acres more or less and is recorded in the name of

Eusebio Práxedes Serrano y Serrano; that the certificate· of sale indicates that the action instituted for the collection of taxes, surcharges and costs was brought and maintained against the succession of Práxedes Serrano, it being impossible to say whether this person is the same Eusebio Práxedes Serrano y Serrano in whose name the property is recorded;...and for the further reason that this property has not been previously recorded in the name of the vendor succession..."

This court said:

"The appellant entirely misses the point of the registrar when the latter said that the supposed land was recorded in the name of Eusebio Práxedes Serrano y Serrano. Hence a description with the surnames Práxedes Serrano was insufficient. The registrar at this .point was not insisting that the lot did not appear in the name of the succession of Práxedes Serrano.

"Likewise, the registrar was right in insisting that the property should appear to be recorded in the name of the succession if a sale against such succession had been effected. See the case of *Rodríguez* v. *Registrar of Arecibo,* decision of this court of December 8, 1924, *ante,* page 786."

As the registrar says in his brief in this case:

"This is a serious and important proceeding, started by the government against a citizen *in absentia* that might culminate, as in this case, in a total deprivation of property.

"And the duty of the registrar to protect the interest of the government as well as those of private citizens, imposes upon him the necessity of examining a proceeding of this kind with the utmost severity, with the greatest restriction, to be sure, beyond all mental uneasiness or worry, that this man has had the due process of law ordained by the Constitution of the United States."

The note of the registrar should be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.